TOPP and EVANS *vs.* CHARLES T. POLLARD.

A party cannot complain of an interlocutory order which may be inconsistent with the final order in a case.

The bill filed not being originally an interpleader, it was a question open until final hearing, in what light it would be viewed by the court; no order having been made requiring the parties to interplead.

T. and E., having assumed the power to decide upon P.'s title to the money in dispute, he had no other alternative but to pursue his remedy at law, and there is nothing unreasonable in requiring them to pay the cost of the suit.

ON appeal from the northern district chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

Pollard, on the 8th of January, 1843, recovered a judgment in the United States court at Pontotoc, against Darrie, for the sum of $1,129.41, and the whole amount of the judgment, with interest, was collected by Topp and Evans, as attorneys, who refused to pay it to Pollard, and said they had paid over the same to Benjamin Stanton.

In April, 1846, Pollard commenced suit in the circuit court of Lowndes county, against Topp and Evans, and in 1848 recovered a judgment against them for the principal and interest of the claim, when they filed a bill to enjoin said judgment at law, and to settle the matters upon principles of equity.

*R. Evans*, for appellants.

*Potter*, for appellee.

*Smith & Christian*, on the same side.

Mr. Justice FISHER delivered the opinion of the court.

The appellants filed their bill in the vice-chancery court at Columbus, to enjoin the appellee from prosecuting an action at law against them in the circuit court of Lowndes county, and to require the appellee and one Benjamin Stanton to establish their right to a certain sum of money, which the appellants, as

attorneys at law, had collected, and which was claimed by the appellee on the first, and by the said Stanton on the other.

The facts are briefly these : Topp and Evans had obtained a judgment for the benefit of Labazan and Stanton; an execution was issued upon a forthcoming bond, taken by virtue of this judgment, which was levied on the property of one of the defendants in the execution; and the property was sold by the sheriff and purchased by Evans, who transferred his bid to Harvey, who gave a bill on a house in Mobile for the amount of the execution, which bill was returned protested for non-payment. Wm. H. Pollard, as agent of Charles T. Pollard, in the mean time presented himself, and claimed the proceeds of this bill. An arrangement was made with Harvey to take up the bill, by his giving his note payable to Charles T. Pollard, upon which suit was brought in the United States court at Pontotoc; the money collected by due course of law, and Pollard notified to come forward and establish his claim to the same, as the attorneys then had reason to believe his claim was fraudulent. He failed to take steps to establish his claim, and the attorneys paid the money to Stanton. The bill contains no offer to bring the money into court, but prays that Pollard and Stanton may show each his right to the money. By the subsequent pleadings, the whole matter is converted into a proceeding in the nature of a bill of interpleader.

Pollard, in 1846, commenced his action at law for the money; and this bill was not filed till 1848. After filing the bill, Stanton returns the money to Topp and Evans, who bring it into court, and pray that the parties may then proceed by regular interpleading; but the chancellor refused this application.

On the final hearing, the money was decreed to Pollard, and he is enjoined from further proceeding in his action at law, except as to the costs, and Stanton's executor is required to pay the money to complainants. It thus appears, that the final decree was such as should have been rendered upon a regular proceeding in a matter of interpleader. The complainants insist, that the chancellor erred in not permitting the money to be deposited. Admitting this to be true, how are they injured? They obtained upon the final hearing, what they sought by an

interlocutory order. If the final decree is right, a party cannot complain of an interlocutory order, which may be inconsistent with the final order.

The only point which can arise on this part of the case, is as to the interest, whether it should cease at the time of the offer to pay the money into court. The bill was not originally a bill of interpleader, and it was only made so by the pleadings of the parties at a subsequent stage of the proceedings. It was a question open till the final hearing, in what light the bill would be viewed by the chancellor; and as no order had been made requiring the parties to interplead, he was not bound to look into the case made by the contending defendants, to see what would be his decree on final hearing, when the bill had not, in the first instance, made such a case.

The complainants, by paying the money in the first instance to Stanton, took upon themselves to decide against Pollard's title, and thus left him no other alternative but to pursue his remedy at law; there is, therefore, nothing unreasonable in requiring them to pay the costs at law. It is true, that there is nothing in the whole proceeding tending to show that their conduct was not in all respects cautious, and even commendable, in paying the money to the party they supposed entitled to it. But they had once admitted Pollard's title by suing on the claim in his name; they could only defeat a title thus admitted by showing fraud or mistake. This they took upon themselves to show when they paid the money to Stanton; and, having failed to show it in the litigation, they must pay the costs. We must suppose, that they were unable to make this defence at law from the very fact of their going into equity.

Decree affirmed.